1
2
3
4
5
6

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
SEATTLE

7
8

JAMES TOBIN and LORI TOBIN,
Husband and Wife,

                       Plaintiffs,

         vs.

BANK OF AMERICA, N.A., a national
association, NEW PENN FINANCIAL, LLP,
d/b/a SHELL POINT MORTGAGE
SERVICING, a foreign corporation, and THE
BANK OF NEW YORK MELLON, f/k/a THE
BANK OF NEW YORK AS TRUSTEE FOR
THE CERTIFICATEHOLDERS OF THE
CWALT, INC., ALTERNATIVE LOAN
TRUST 2006-OC1, MORTGAGE PASS-
THROUGH CERTIFICATES, SERIES 2006-
OC1,

                    Defendants.

CASE NO.

COMPLAINT
[JURY DEMAND]

COMES NOW, JAMES TOBIN and LORI TOBIN, husband and wife, hereinafter

"Plaintiffs," or "the Tobins" by and through the undersigned counsel, file this lawsuit seeking

quiet title and for judgment and damages resulting from the business practices of defendants,

BANK OF AMERICA, N.A., NEW PENN FINANCIAL, LLP, d/b/a SHELL POINT

MORTGAGE SERVICING, and THE BANK OF NEW YORK MELLON, f/k/A THE BANK

COMPLAINT                               1

**BARRAZA LAW PLLC**
14245-F AMBAUM BLVD SW
SEATTLE WA 98166
Tel. 206-933-7861/Fax206-933-7863

OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWALT, INC., ALTERNATIVE LOAN TRUST 2006-OC1, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-OC1, which are unfair and deceptive and which are designed to inflict the maximum injury and damages upon homeowners such as the Tobins without just cause and without compliance with applicable laws.

## PARTIES, JURISDICTION AND VENUE

1.      The Tobins are residents of King County, Washington, and record owner of the real property located at 28208 NE 141st Place, Duvall, WA 98019 ("the Property") which is further described legally as:

> Lot 1 of Cutter Glen, as per Plat recorded in Volume 167 of Plats, Page 6 and 7, Records of King County Auditor.

> Situate in the City of Duvall, County of King, State of Washington.

2.      Defendant BANK OF AMERICA, N.A., and ("BANA") is a financial and banking conglomerate which owns and/or services millions of residential loans on behalf of other entities.  BANA headquarters in the State of North Carolina.

3.      Defendant NEW PENN FINANCIAL LLP, d/b/a SHELLPOINT MORTGAGE SERVICING, LLC ("Shellpoint") is the present servicer of the Loan. Shellpoint operates out of Greenville, South Carolina.

4.      Defendant THE BANK OF NEW YORK MELLON ("BONY"), is a national association which is governed under the trust laws of the State of New York. BONY acts as Trustee for the Certificate Holders of the CWALT, Inc., Alternative Loan Trust 2006-OC1, Mortgage Pass-Through Certificates, Series 2006-OC1, which purports to be the owner of the mortgage loan that the Tobins obtained in 2005 ("the Loan") and which is secured by the Tobin residence as identified ("the Property").  BONY is responsible for the retention of BANA and

COMPLAINT                                        2

1   Shellpoint as servicers of the Loan. BONY confers complete authority and discretion upon these

2   defendants to service the Loan and to refer the Loan to foreclosure.

3          6.      None of the defendants was involved with the Tobins when they obtained the

4   Loan originally in 2005. None of them has explained how or provided complete proof of the

5   transfer of the Loan from the original lender, Decision One Mortgage Company, LLC, to the

6   securitized trust. Yet, all of the defendants are participating in some or all aspects of debt

7   collection and attempts to dispossess the Tobins from the Property as well as other real property

8   secured by primary residences owned by other Washingtonians. All defendants have conducted

9   business within the borders of the State of Washington whereupon their business practices have

10  harmed the Tobins and many others who are similarly situated.

11         7.      Defendants have used the mail, the telephone and the internet to reach across

12  state lines into Washington to conduct their business. Defendants provide services and receive

13  compensation for performance of these services but none of them have a direct stake in the

14  ownership or a security interest in the collateral used to secure the mortgage loans they service.

15  By having no skin in the game whatsoever, the defendants have not been willing to take the

16  time to investigate or to otherwise address any concern that borrowers like the Tobins have

17  about the mortgage loan or the foreclosure of their property.

18         8.      The Tobins seek damages against the defendants in the amount which exceeds

19  $75,000.00. The parties are citizens of all different states. Therefore, the Court has jurisdiction

20  based on complete diversity.

21         9.      Venue is proper in the United States District Court, Western District of

22  Washington, Seattle, as the Tobins reside in the Property which is located in King County,

23  Washington.

24

COMPLAINT                                    3

# FACTS

10.     The Tobins borrowed $300,000.00 from Decision One Mortgage Company in October of 2005 to purchase their homestead. They had difficulty keeping up with the payments and made the last full payment on the Loan on or about July of 2008.

11.     Defendant Bank of America, N.A., ("BANA"), predecessor of BONY, Countrywide Home Loans, **issued its Notice of Intent to Accelerate dated July 17, 2008** (Exhibit A, Notice of Intent to Accelerate). The Tobins did not cure the arrears and the Loan was declared to be payable in full.

12.     The defendants via its agent, Northwest Trustee Services, Inc., recorded a Notice of Trustee Sale on June 9, 2016, in an attempt to foreclose upon the Property via nonjudicial means (Exhibit B, Notice of Trustee's Sale). There are no apparent reasons for the defendants' delay in foreclosing on the collateral.

13.     The Tobins retained counsel who filed for quiet title against BANA, BONY, the then-loan servicer, New Penn Financial, LLC, d/b/a as defendant Shellpoint, the foreclosing trustee, and Mortgage Electronic Registration Systems, Inc., in King County Superior Court case number 16-2-20410-4SEA, pursuant to RCW 7.28.300 (Exhibit C, 2016 Quiet Title Complaint). Although the defendants filed answer and affirmative defenses, they did nothing further to advance the nonjudicial foreclosure. As a result, the court approved the Tobins' request for voluntarily dismissal on June 27, 2017 (Exhibit D, Court Order Approving Voluntary Dismissal).

14.     In March of 2018, nearly ten years after the last payment made by the Tobins toward the Loan, the defendants, collectively, caused for its foreclosing agent, North Star Trustee, to issue and record another Notice of Trustee Sale. The Notice was recorded on March

COMPLAINT                                          4

15, 2018, setting the sale date for July 27, 2018 (Exhibit E, 2018 Notice of Trustee's Sale).

15.     Knowing that the debt has been time-barred, defendant Shellpoint continues to issue debt collection correspondence to the Tobins; the most recent are dated for 2018 (Exhibit F, Debt Collection Notices).

## CAUSES OF ACTION

16.     The Tobins expressly incorporate and incorporate by reference, each and all of the foregoing factual allegations as enumerated in under the Facts Section, into each and all of their Causes of Action below:

## COUNT ONE: QUIET TITLE

17.     A claim arising from a written contract must be brought within six years of the date the cause of action accrues. RCW 4.16.005, 4.16.040.  The current nonjudicial foreclosure of the Tobin home is based on the Deed of Trust that they executed in favor of the original lender Decision One Mortgage Company, LLC. The recovery sought by BONY and the defendants is on an obligation payable by installments and each installment triggers the obligation payable by installments and the statute of limitations runs against each installment from the time it becomes due. In this case, the statute was triggered by defendant BANA's unequivocally accelerated the debt via its Notice of Intent to Accelerate dated July 17, 2008.

18.     The defendants took no action to decelerate or revoke the original Notice of Intent to Accelerate dated July 17, 2008. Therefore, the statute of limitations expired on July 17, 2014.

19.     The defendants' first nonjudicial foreclosure attempt occurred when they recorded a Notice of Trustee's Sale, setting the sale date of June 9, 2016, almost two years after the statute of limitations had expired.

COMPLAINT                                    5

20.     The defendants' current attempt to foreclose upon the Tobin home nonjudicially by scheduling a Notice of Trustee's Sale for July 27, 2018, nearly ten years after the statute of limitations expired, is also time-barred. The Tobins are entitled to quiet title as against all defendants.

21.     The Tobins have suffered substantial prejudice in relying on the Notice of Acceleration and will be furthered prejudiced if the defendants are allowed to manipulate the process and benefit from their own neglect in timely and diligently pursing their claim for collection on the Note or for foreclosure on the Deed of Trust.

## COUNT TWO: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT,

22.     Defendant Shellpoint collects the Tobin loan on behalf of defendant BONY. It did not service the Loan until after the Loan had been declared to be in default. As such, Shellpoint is a debt collector under the FDCPA, 15 U.S.C 1692a (6). By commanding for its agent to initiate foreclosure and attempting to dispossess the Tobins from their homestead, Shellpoint violated §1692e because any legal right the lender had to do so has expired under the Statute of Limitations. The six-year period of statute of limitations was triggered by BANA's Notice of Intent to Accelerate dated November July 17, 2008 and expired on July 17, 2014. RCW 4.16.040(1).

23.     Suing or effectuating a proceeding for repossession or foreclosure on a time-barred debt is a practice uniformly held by courts to violate the FDCPA as a matter of law. Thus, Shellpoint's act of having its agent, North Star, to record the Notice of Trustee's Sale on March 15, 2018, setting the auction sale date of July 27, 2018 violated the FDCPA.

24.     The Tobins have suffered compensatory damages as a result of Shellpoint's successive and continuing attempts to foreclose on their homestead when Shellpoint knew or

BARRAZA LAW PLLC
14245-F AMBAUM BLVD SW
SEATTLE WA 98166
Tel. 206-933-7861/Fax206-933-7863

should have known that any foreclosure effort is time-barred. Their damages are in form of lost time, out-of-pocket expenses, attorney's fees and costs incurred to resist Shellpoint's unlawful and successive nonjudicial foreclosure in 2018.

## COUNT THREE: VIOLATION OF THE CONSUMER PROTECTION ACT; ALL DEFENDANTS

25.     The defendants have violated the Washington Consumer Protection Act ("CPA") as to each of the five elements: they have committed one or more (1) unfair or deceptive act or practice; (2) in trade or commerce; (3) that has an impact on the public interest; (4) resulted in injury in the Tobins in their business or property; and (5) the injury and damages suffered were proximately caused by the defendants.

26.     The business of default loan servicing with includes nonjudicial foreclosure has been adjudicated by Washington courts to be occurring in commerce and impacting an important public interest. The defendants use the internet to advertise and to communicate with borrowers from their locations which are outside of the State of Washington. They use the mail, the telephone and the internet to transmit notice of intent to accelerate, periodic statements, notice of default, debt validation, notice of trustee's sale, and other correspondence to borrowers including the Tobins; they receive substantial compensation for their services and part of their compensation comes directly from payments made by borrowers. Thus, the defendants' business activities are carried out in trade or commerce.

27.     The defendants knew or should have known that the debt they are trying to collect and the collateral they are trying to foreclose upon is time-barred. As lender and servicers, the defendants are charged with actual knowledge that where the Tobins made their last payment in May of 2008, and where BANA issued the Notice of Intent to Accelerate dated July 17, 2008,

COMPLAINT                                                    7

**B A R R A Z A   L A W   P L L C**
14245-F AMBAUM BLVD SW
SEATTLE WA 98166
Tel. 206-933-7861/Fax206-933-7863

and thereafter never revoked said Notice, their repeated effort to foreclose upon the Tobin home nonjudicially in 2009 and 2016 is both unfair and deceptive.

28.    Where the six-year period of statute of limitations expired on July 17, 2014, the Notices of Trustee's Sale setting sale date of June 9, 2016, and again of July 27, 2018 were issued after the statute of limitations had expired and are not effective to foreclose on the Tobin home.

29.    The defendants' action of foreclosing on the Tobin residence based on the terms of the Deed of Trust after the statute of limitations expired is unfair. The defendants' act of transmitting various foreclosure documents and correspondence to the Tobins for debt collection purposes (compelling payment to cure) and for foreclosure purposes is deceptive because the lender's legal right to foreclose on the collateral has been limited or eliminated by the statute of limitations.

30.    The defendants' individual and collective conduct have directly and proximately caused the Tobins to suffer injury and actual damages. In addition to having paid approximately $10,000 in attorney fees and costs to fight the first nonjudicial foreclosure, the Tobins also have lost approximately $20,000 in time spent and $500.00 and out-of-pocket expenses relating to correspondence made to the defendants concerning the servicing of their loan. In addition to the enumerated injury and damages, the Tobins would lose their home through a trustee's sale and suffer the complete loss of its value, which is approximately $550,000 even though the lender's right to foreclose has been extinguished by the statute of limitations.

## PRAYER FOR RELIEF & DAMAGES

Having stated their allegations and claims, JAMES TOBIN and LORI TOBIN, pray the Court for the following relief:

COMPLAINT                                          8

BARRAZA LAW PLLC
14245-F AMBAUM BLVD SW
SEATTLE WA 98166
Tel. 206-933-7861/Fax206-933-7863

1.     For declaratory relief and judgment that the Debt is time-barred;

2.     For an injunction barring the defendants from selling the Property at auction;

3.     For damages provided under the Fair Debt Collection Practices Act;

5.     For an award of injury and actual damages suffered, and treble damages and attorney fees and costs under the Washington Consumer Protection Act;

6.     For prejudgment interests;

7.     For other additional relief the Court deems just and equitable.

DATED this 12<u>th</u> day of July 2018.

BARRAZA LAW, PLLC

*/s/ V. Omar Barraza*

_____
VICENTE OMAR BARRAZA, WSBA 43589
Counsel for Plaintiff
14245-F Ambaum Blvd SW, Seattle WA 98166
206-933-7861 Fax 206-933-7863

HENRY & DEGRAAFF, PS

*/s/ Christina L. Henry*

_____
Christina L Henry, WSBA 31273
Counsel for Plaintiff
150 Nickerson St, Ste 311
206-330-0595 Fax 206-400-7609

COMPLAINT

9